## J. W. BROWN *v.* S. H. PARKER.

**Forcible Entry and Detainer Instructions.**

Where the evidence conduces to the conclusion that a tenant had not made the improvements covenanted, peremptory instruction for the defendant is improper.

**Evidence—Improvements by Tenant after Suit.**

In a suit of unlawful entry and detainer, it is error to permit the defendant to show or prove by witness, what improvements he had made after the commencement of the action.

**Same.**

If the cause of action existed at the time of bringing the warrant, such evidence was clearly incompetent.

**Same Damages.**

Such evidence might be shown in an action for damages, in mitigation, but not to defeat the action after brought, on a cause existing.

APPEAL FROM UNION CIRCUIT COURT.

March 3, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

In January, 1866 appellant leased to appellee, Parker, his farm in Union county of about 112 acres of land for the term of five years, for and in consideration of certain improvements to be made thereon by appellee, all of which are particularly set forth in the written lease, and the time within which the several parts were to be done.

It was also agreed that if the lessee failed on his part to perform his part of the contract within due time, appellant after ten days notice of his intention to do so to appellee, have the right to enter to take possession of the whole of the leased premises.

After ten days notice to appellee by appellant of his intention to take possession and a demand thereof and refusal, this warrant for a forcible detainer was brought by him, and having been unsuccessful in the country, he traversed the finding. And on the trial in the circuit court, after he had closed his evidence, the court instructed the jury, on motion of appellee, to find the inquisition to be true. And of that instruction and judgment consequent thereon, appellant complains.

After an examination of the evidence we cannot agree with the court below. When the action was brought, taking the evidence to be true, it certainly conduced to show that appellee had not made the improvements as he had covenanted to do, within the time limited in the writing, and that some of the work which had been done was not done in the manner and style provided for in the contract.

Certainly there was not such a failure of evidence as authorized the court to take from the jury the consideration of the facts by a peremptory instruction, but they should have been permitted to pass on the facts as proved, and determine what weight should be given to them.

Nor was it proper for the court to permit appellee to show, or prove by the witnesses, what improvements he had made *after the commencement of the action.*

If appellant's cause of action existed at the time he brought his warrant, evidence tending to show that such improvements had been done subsequently thereto, as would if done previously, have defeated it, was incompetent. That might be shown in an action for damages, in mitigation thereof, but not to defeat an action after it had been brought on a sufficient cause existing at the time.

Wherefore the judgment is reversed and the cause remanded for a new trial and for further proceedings not inconsistent herewith.

*Geiger & Lockett,* for appellant.